T.C. Memo. 2001-208

UNITED STATES TAX COURT

VIRGINIA A. FOX, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5080-99, 5081-99,          Filed August 7, 2001.
        5082-99.

Roland Fox and Virginia Fox, pro sese.

<u>Sandra Veliz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine respondent's determinations as to their 1994 and 1995
Federal income taxes.  For 1994, respondent determined in a

------

[1] Cases of the following petitioners are consolidated
herewith:  Roland R. Fox, docket No. 5081-99; and Roland R. Fox
and Virginia A. Fox, docket No. 5082-99.

notice of deficiency issued to petitioners that they were liable for a $66,798 deficiency, a $16,149 late-filing addition to tax under section 6651, and a $13,360 accuracy-related penalty for negligence under section 6662.[2]  For 1995, respondent determined in a notice of deficiency issued to Roland Fox (Mr. Fox) that he was liable for a $107,919 deficiency, a $26,408 late-filing addition to tax under section 6651, and a $5,751 addition to tax under section 6654 for underpayment of estimated tax.  For 1995, respondent determined in a notice of deficiency issued to Virginia Fox (Ms. Fox) that she was liable for a $90,261 deficiency, a $21,994 addition to tax under section 6651, and a $4,788 addition to tax under section 6654 for underpayment of estimated tax.

Following our consolidation of the three cases for purposes of trial, briefing, and opinion, we must decide whether respondent's determinations are correct.  Our decision rests primarily on whether we should disregard petitioners' trust, Prindle International Marketing Trust (Prindle Trust), for Federal income tax purposes.  We hold that we shall disregard the Prindle Trust and that respondent's determinations are correct to the extent stated herein.

---

[2] Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some facts have been stipulated and are so found. The stipulated facts and exhibits submitted therewith are incorporated herein by this reference. Petitioners are husband and wife who resided during the relevant years in the State of Washington without a separate property agreement. They filed a joint 1994 Federal income tax return on November 19, 1996. Neither of them filed a 1995 Federal personal income tax return.

Mr. Fox is a college graduate who worked in the U.S. military for 20 years. He also completed some graduate work in business administration including a course in taxation. He and Ms. Fox worked during the subject years as distributors for Oxyfresh, Inc. (Oxyfresh), a wholesaler of health care products. In that capacity, they sold Oxyfresh products and recruited and trained individuals to do the same.

Petitioners created the Prindle Trust in 1991 and have continued to manage and operate the Prindle Trust in the same manner throughout its existence. Petitioners were the Prindle Trust's managing agents, trustees, and beneficiaries. They also controlled its bank account. In Prindle Intl. Mktg., UBO v. Commissioner, T.C. Memo. 1998-164, affd. without published opinion 229 F.3d 1157 (9th Cir. 2000), we decided (and the Court of Appeals for the Ninth Circuit agreed) that the Prindle Trust was without economic substance and was formed for tax avoidance.

During the subject years, Oxyfresh paid to petitioners commission income of $191,510 and $225,658, respectively, that they earned as to their distributorship activity. Oxyfresh issued to the Prindle Trust 1994 and 1995 Forms 1099-MISC, Miscellaneous Income, reflecting these amounts. Petitioners did not report any commission income on their 1994 Federal income tax return.

Oxyfresh also paid to petitioners during 1994 dividends of $1,580. Oxyfresh issued a 1994 Form 1099-DIV, Dividends and Distributions, to the Prindle Trust reflecting this amount. Petitioners did not report any dividend income on their 1994 Federal income tax return.

During the subject years, Mr. Fox received Social Security benefits of $4,802 and $8,460, respectively. During 1995, petitioners received interest income of $138, and Mr. Fox received $26,638 from his military retirement pension. During 1995, petitioners realized gross rental income on various properties that they rented.

Respondent determined in the notices of deficiency that petitioners realized the following taxable income during the subject years:[3]

---

[3] Respondent determined in the notices of deficiency for 1995 that community income was taxable to petitioners in a total amount greater than 100 percent. A Rule 155 computation will be necessary to tax each spouse on only 50 percent of that income.

|  | 1994 | 1995 | |
|---|---|---|---|
|  | Petitioners | Mr. Fox | Ms. Fox |
| Exemption | -0- | ($2,500) | ($2,500) |
| Commission inc.--Oxyfresh | $191,510 | 225,658 | 225,658 |
| Dividend income | 1,580 | -0- | -0- |
| Interest income | -0- | 138 | -0- |
| Half of community int. inc. | -0- | -0- | 69 |
| Taxable SSA | 4,082 | 7,191 | -0- |
| Half community taxable SSA | -0- | -0- | 3,596 |
| Pension/annuity | -0- | 26,638 | -0- |
| Half community pension/annuity | -0- | -0- | 13,319 |
| Net rental inc. | -0- | 19,262 | 19,262 |
| Self-employment tax deduction | (6,322) | (6,816) | -0- |
| Standard deduction | -0- | (3,275) | (3,275) |
| Deduction for exemptions | 1,372 | 2,500 | 2,500 |
| Total | 192,222 | 268,796 | 258,629 |

OPINION

The parties dispute whether the Prindle Trust is a sham. Respondent argues it is. Petitioners argue it is not. We agree with respondent.

Petitioners concede that the Prindle Trust is the same trust that was at issue in Prindle Intl. Mktg., UBO v. Commissioner, supra, but assert baldly that the Prindle Intl. Mktg., UBO case was wrongly decided by both this Court and the Court of Appeals for the Ninth Circuit. In that case, we held in relevant part that: (1) The Prindle Trust was a sham not to be recognized for Federal income tax purposes for 1992 or 1993, (2) petitioners were liable for self-employment tax on the payments which they received from Oxyfresh during 1992 and 1993, (3) petitioners were liable for a failure-to-file addition to their 1993 tax under section 6651, and (4) petitioners were liable for the

accuracy-related penalty for negligence under section 6662(a) for 1992 and 1993. The Court of Appeals for the Ninth Circuit affirmed each of these holdings. The rationale that we set forth in the Prindle Intl. Mktg., UBO case to support our holdings applies equally to this case. Because petitioners have presented no persuasive reason as to why we should not apply that rationale here, we do so to sustain respondent's determination as to the commission income from Oxyfresh. We also sustain each of respondent's determinations as to the other income items. We have found as a fact that one or both of petitioners received each of those items of income, and petitioners have failed to prove that any of the related determinations are incorrect.[4]

As to respondent's determinations under section 6651, petitioners are liable for those additions to tax unless they prove that their failure to file Federal income tax returns timely was: (1) Due to reasonable cause and (2) not due to willful neglect. Sec. 6651(a)(1); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985). A failure to file timely a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence, and, nevertheless, was unable to file his or her return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

---

[4] We note, however, that the record reveals that the Rule 155 computation must reflect the fact that the interest income of $138 was received by petitioners jointly.

Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245. Petitioners have presented no persuasive evidence on this issue, and the record does not otherwise establish that their failure to file timely returns was due to reasonable cause and not due to willful neglect. We sustain respondent's determinations under section 6651(a).

As to respondent's determinations under section 6654, section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". Generally, this addition to tax is mandatory, and there is no exception for reasonable cause. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). However, no addition to tax is imposed if one of the exceptions contained in section 6654 is met. Recklitis v. Commissioner, supra at 913. Petitioners have offered no evidence to show that any of the statutory exceptions apply. We sustain respondent's determinations under section 6654(a).

As to respondent's determination under section 6662(a), section 6662(a) and (b)(1) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is due to negligence or intentional disregard of rules or regulations. Negligence includes a failure to attempt reasonably to comply with the Code. See sec. 6662(c). Disregard includes a careless,

reckless, or intentional disregard. Id. An underpayment is not attributable to negligence or disregard to the extent that the taxpayer shows that the underpayment is due to the taxpayer's reasonable cause and good faith. Secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs. Reasonable cause requires that the taxpayer have exercised ordinary business care and prudence as to the disputed item. See United States v. Boyle, supra. Petitioners have presented no persuasive evidence on this issue, and the record does not otherwise establish that their failure to report their income accurately was due to reasonable cause or good faith. We sustain respondent's determinations under section 6662(a).

In conclusion, we note that section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. Although the circumstances of this case suggest that petitioners may have instituted this proceeding primarily for delay, with a position that is frivolous or groundless, we shall not now impose a penalty under section 6673(a)(1). We take this opportunity, however, to admonish petitioners that we shall strongly consider

imposing such a penalty if they return to this Court and advance similar arguments in the future.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.